**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **JOHN LOUIS ATKINS,** | § | |
| | § | |
|    **Movant,** | § | |
| | § | |
| **V.** | § | **Civil Action** |
| | § | **(Criminal No. 1:15-cr-052-O (1))** |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
|    **Respondent,** | § | |
| | § | |
| **JOHN LOUIS ATKINS,** | § | |
| | § | |
|    **Movant,** | § | |
| | § | |
| **V.** | § | **Civil Action** |
| | § | **(Criminal No. 1:15-cr-053-O (1))** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
|    **Respondent.** | § | |

**OPINION and ORDER DESOLVING RULE 60(B)(4) MOTIONS and alternatively**
**DISMISSING MOTIONS AS SUCCESSIVE MOTIONS UNDER 28 U.S.C. § 2255**
(With special instructions to the Clerk of Court)

Defendant John Louis Atkins ("Atkins") has once again filed in these two criminal cases

an identical ''TRUE' Motion Pursuant to Fed R. Civ. P. Rule 60(b)(4)." Rule 60 Motions, No.

1:15-cr-052-O, CR ECF No. 61; No.1:15-cr-053-O, CR ECF No. 57.[1] In the motions, Atkins

seeks relief under Federal Rule of Civil Procedure 60(b)(4). *Id.* at 1-7. After review and

consideration of the Rule 60(b)(4) motions, the Court concludes that Atkins's motions must be

denied, in part, and alternatively construed as successive § 2255 motions and **DISMISSED.**

I.     **Underlying Convictions and § 2255 Motions**

---

[1]Because the Rule 60(b)(4) motions and incorporated briefing are identical, the Court will
henceforth cite only to the docket entry in case number 1:15-cr-052-O, CR ECF No. 61.

In June 2016, the Court revoked Atkins's two terms of supervised release originally imposed in two separate criminal cases in Wyoming. Judgments, No. 1:15-cr-052-O(1) and No. 1:15-cr-053-O(1). Atkins was also charged in case number 1:15-cr-055-O of being a felon in possession of a firearm, but he was acquitted of that charge after a jury trial on May 31, 2016. Minute Entry; Jury Verdict, *United States v. Atkins*, No. 1:15-cr-055-O, ECF Nos. 83-84. In a consolidated direct appeal from the judgments revoking supervised release, Atkins argued that this Court erred when it found sufficient evidence to revoke supervised release and took judicial notice of the criminal-trial evidence in case number 1:15-cr-055-O under Federal Rule of Evidence 201. *See United States v. Atkins*, 696 F. App'x 152 (5th Cir. 2017). The Fifth Circuit rejected Atkins's arguments and affirmed this Court's judgments, reasoning that (i) there was sufficient evidence to prove the violations, (ii) "acquittal at the criminal trial [did] not preclude revocation based on the conduct underlying the criminal charge[]," and (iii) Atkins's "arguments about the nuances of judicial notice under Rule 201 [we]re immaterial because the Federal Rules of Evidence do not apply in revocation proceedings." *Id.* at 153.

Atkins then sought and was denied relief in two separate but identical motions to vacate under 28 U.S.C. § 2255 on December 7, 2018. Orders and Judgments, No. 1:17-cv-135-O, ECF Nos. 45,46; No. 1:17-cv-136-O, ECF Nos. 44, 45. Atkins did not appeal from this Court's resolution of his initial § 2255 motions.

Atkins next filed, in both of the § 2255 cases, post-judgment motions, which the Court construed as successive § 2255 motions and transferred to the Fifth Circuit. ECF No. 2. Because the Court construed the cases as successive §2255s, they were assigned new civil case numbers 1:21-cv-118-O) (No.1:15-cr-052-O) and 1:21-cv-119-O (No.1:15-cr-053-O). Then in November 2022, Atkins again filed Rule 60(b)(4) motion in each criminal case, and by Order entered April 4, 2023, those motions were also construed as successive § 2255 motions and dismissed for lack

of jurisdiction. Those motion were also assigned new civil case numbers 1:23-cv-071-O (No I:15-cr-052-O0 and number 1:23-cv-072-O (No. 1:15-cr-053-O).

## II.      Grounds for Relief in Rule 60(b)(4) Motions

Atkins has again filed, almost seven years after the Court's entry of judgments in his criminal cases, new motions seeking relief under Federal Rule of Civil Procedure 60(b)(4). Atkins writes the following:

> The Court's judgment is NULL and VOID, and Atkins states as follows in support thereof:
>
> We begin by examining subject matter jurisdiction . . .
>
> Here, In Atkins case, the District Court had no subject matter jurisdiction under 18 U.S.C. § 3231 upon the Jury finding of NOT GUILTY, because the plain language of § 3231 provides that '[t]he district courts of the United States shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States. . . The Jury had determined that there was 'no offense' against the laws of the United States and Judge Reed C. O'Connor cannot 'contrive' or 'create' the district court's subject matter jurisdiction by invoking judicial notice – or using a lesser burden of proof to manifest jurisdiction out of the clear blue sky, as what occurred on June 10, 2016 in the district court under District Judge O'Connor.

Rule 60(b)(4) Motion 1-2, CR ECF No. 61.

## III.      Legal Standards and Analysis

Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment or order. And "a judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (quoting *Callon Petroleum Co .v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)). "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to

3

collateral attack.'" *Callon*, 351 F.3d at 210 (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)).

As this standard makes clear, Rule 60(b)(4) concerns civil cases. But that rule is commonly invoked by federal criminal defendants in the context of motions related to post-conviction relief under § 2255. When that occurs, "the court must first determine whether the motion 'should be treated as a second or successive [§ 2255 motion or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *cf. In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's § 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

"While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id*. (collecting cases); *see, e.g., United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)).

Here, Atkins's Rule 60(b)(4) motions do not challenge a "defect in the integrity of [his previous] federal habeas proceedings." *Coleman*, 768 F.3d at 371. Atkins instead seeks to challenge, through the Rule 60(b)(4) motions, the underlying criminal judgments in his criminal cases. Rule 60(b)(4) Motions 1-2, ECF No. 61. But "to the extent that [Atkins] is "challenging his criminal judgment of conviction,'" Rule 60(b)(4) "'is inapplicable and cannot provide him any relief on the claims he alleges.'" *See United States v. Garcia*, No. 3:95-cr-264-M (01), 2017 WL 876334, at *1 (N.D. Tex. Feb. 6, 2017) (quoting *Mayes v. Quaterman*, Civ. A. No. H-06-2680, 2007 WL 1465994, at *1 n.1 (S.D. Tex. May 16, 2007)), *rec. accepted*, 2017 WL 880869 (N.D. Tex. Mar. 3, 2017); *see United States v. Beaird*, Crim. No. H-02-633-01, 2007 WL 708576, at *1 (S.D. Tex. Mar. 5, 2007) ("Beaird cannot show that he is entitled to relief from his criminal judgment under any portion of Rule 60(b) because his motion concerns a criminal judgment. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. See Fed. R. Civ. P. 1, 81; *United States v. O'Keefe*, 169

5

F.3d 281, 289 (5th Cir. 1999). 'Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case.' *O'Keefe*, 169 F.3d at 289")); *see also United States v. Masserano*, Crim. A. No. H-92-0225 & Civ. A. No. H-06-2980, 2007 WL 470649, at *3 (S.D. Tex. Feb. 12, 2007) ("[B]ecause Masserano is challenging his criminal judgment of conviction, not his prior § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges herein.").

Moreover, to the extent that Atkins seeks to substantively attack his criminal judgment on the issues raised in the Rule 60(b) motions, the motions are further successive § 2255 motions in disguise. And Atkins's failure to obtain authorization from the Fifth Circuit under § 2244(b)(3) before filing such motions "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants [Atkins] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit [,but] it is also appropriate to transfer the successive motion to the Fifth Circuit for a determination of whether [Morris] should be allowed to file the successive motion in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted,* 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

Given Atkins's history of seeking successive relief under § 2255 in this and related proceedings, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *King*, 2003 WL 21663712, at *1.

## IV.    ORDER

It is therefore **ORDERED** that Atkins's June 12, 2023 motions seeking relief under Federal Rule of Civil Procedure 60(b)(4) (No. 1:15-cr-052-O, CR ECF No. 61 and No. 1:15-cr-053-O, CR ECF No. 57), are **DENIED**.

It is further   **ORDERED** that Atkins's June 12, 2023 motions seeking relief under Federal Rule of Civil Procedure 60(b)(4) ( No. 1:15-cr-052-O , CR ECF No. 61 and No. 1:15-cr-053-O, CR ECF No. 57) are alternatively construed as successive motions for relief under 28 U.S.C. § 2255. The clerk of court is directed to so docket the motions and assign civil case numbers required for docketing purposes.

It is further **ORDERED** that Atkins's June 12, 2023 motions, alternatively construed as successive motions for relief under § 2255, are **DISMISSED** for lack of jurisdiction.

**SO ORDERED** this **22nd day** of **June, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**